| | |
|---|---|
| 1 | Dan Lawton (State Bar No. 127342) |
| | Joseph C. Kracht (State Bar No. 228507) |
| 2 | LAWTON LAW FIRM |
| | 550 West C Street, Suite 1400 |
| 3 | San Diego, CA 92101 |
| | (619) 595-1370 |
| 4 | (619) 595-1520 (Telefacsimile Number) |
| | dlawton@lawtonlaw.com (electronic mail) |
| 5 | |
| | Attorneys for Plaintiff and Counterdefendant AntiCancer, Inc. |

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTICANCER, INC., a California corporation, | Case No. 07CV0778 JAH |
| Plaintiff, | |
| v. | DECLARATION OF DAN LAWTON RE ORDER TO SHOW CAUSE |
| PERRY SCIENTIFIC, INC., a Nevada corporation; ANDREW PERRY, a natural person; and DOES 1-30, | |
| Defendants. | Date: September 27, 2007 |
| | Time: 9:00 a.m. |
| | Place: Courtroom A |
| | Before: Hon. Barbara Lynn Major |
| PERRY SCIENTIFIC, INC., a Nevada corporation; ANDREW PERRY, a natural person, | |
| Counterclaimants, | |
| v. | |
| ANTICANCER, INC., a California corporation, | |
| Counterdefendant. | |

Case No. 07CV0778 JAH

I, Dan Lawton, declare:

1. I am licensed to practice before this Court and am counsel of record for AntiCancer, Inc., plaintiff and counterdefendant, in the above-entitled action.

2. Everything in this declaration is true and correct of my own personal knowledge, and if called to testify in court, I could and would testify competently thereto. I make this declaration in response to the order of the Magistrate Judge of August 30, 2007, in the wake of my failure to appear at the ENE conference on August 29, 2007.

3. At the outset, I wish to reiterate my apology to the Court and to counsel and his client (first made during the telephonic conference held on September 5) for my failure to appear. I know that all concerned take the ENE process (which is a great service to litigants and to the public) very seriously and that the no-showing of a side at an ENE frustrates the investment that both the court and litigants in that counsel make in the process. I'm deeply sorry for my and my client's failure to appear, which is solely my (and not my client's) responsibility (for the reasons explained below).

4. My failure to appear was the result of my failure to calendar the ENE. Ordinarily, the electronic calendaring system in our office works very well, with all dates and deadlines calendared correctly and attorneys apprised of upcoming hearings and other events in advance so as to ensure proper preparation and appearances. In this instance, however, I failed to ask my paralegal to calendar the hearing and thus it never appeared on my electronic or paper calendars. I expect this was the result of my failure to print the Magistrate Judge's Order setting the ENE (which Order I expect we received via electronic mail). My lapse is inexplicable except as a result of neglect on my part. Never before have I failed to appear at an ENE or other hearing in this Court. I, and only I, am to blame for this horrible mistake. Ordinarily, I receive the ENE conference statements from opponents in advance of the ENE conference. I did not receive one from Attorney McMillan in this case. Had I received one, it would have alerted me immediately to the fact that there was an ENE scheduled for August 29.

///

5. Because of my mistake, on August 29, I was scheduled to appear (and did appear) at the U.S. District Court in the Central District of California at the deposition of U.S. District Court Judge Stephen V. Wilson in an unrelated case, *In re Mildred Borden Living Trust*, Case No. P080431 (a case in which Judge Wilson is a third-party witness). The deposition of Judge Wilson was set consistent with what Judge Wilson's calendar and schedule allowed (which was a deposition going from 10:00 a.m. to about 1:00 p.m. on August 29), and this caused my client and I to travel on Amtrak, departing San Diego at 6:10 a.m. and returning back in San Diego until 5:00 p.m. that day.

6. The other attorney in my office, Joe Kracht, was in Hawai'i that same day covering two depositions in a third case, *Guddee v. Abudanza, Inc.*, Case No. CV06 00664 SOM KSC (and thus was unavailable to cover either the ENE in this case or Judge Wilson's deposition in the *Borden Living Trust* case in Los Angeles).

7. To make matters worse as far as scheduling, my client, Dr. Robert Hoffman, was on a previously-scheduled business trip to Japan on August 29 (a trip from which he did not return until Tuesday, September 4).

8. I believe that all of these calendar conflicts would have required me to ask the Court for a postponement of the August 29 ENE in any event (or else a rearranging of all of the travel and Judge Wilson's deposition which conflicted with it). This is not to excuse whatsoever my failure to appear on August 29, but it does give some idea of the various conflicts in the calendars of the persons involved on that date.

9. As for 26(f), defense counsel and I did attempt to meet and confer and discharge our obligations under that rule. We did meet at my office on May 10, 2007 to discuss the case (although it was not yet time to have the 26(f) conference). Thereafter, we tried (but failed) to have a telephone conference on August 3 at 2:30 p.m. As I recall it, Mr. McMillan called me at the time (I was unavailable); when I called him back later he was unavailable and thereafter on vacation to Florida with his family. We agreed to reset the 26(f) conference for Monday, August 6 (by which time Mr. McMillan was in Florida) but for some reason we did not have a complete discussion as was required. As the Magistrate

Judge correctly pointed out, as plaintiff's counsel I (and no one else) has the responsibility for seeing to it that the 26(f) conference is held and that initial disclosures are made timely. Again, this is something which is my fault and my fault alone. As ordered by the Magistrate Judge on September 5, we made our initial disclosures on Friday, September 7, and served those initial disclosures via hand delivery on defense counsel (I have yet to receive his). I tried to have the 26(f) conference with defense counsel on Thursday and Friday (September 6 and 7), but defense counsel was tied up in depositions and court appearances on those days and unable to confer with me. Mr. McMillan was available today and we just had a complete 26(f) conference a few minutes ago, completing all items (except for dates already set by the Magistrate Judge, which are a *fait accompli*) prescribed by Form 35 ("Report of Parties' Planning Meeting") contained in the Federal Rules of Civil Procedure.

10. As for any sanctions to be imposed in this case, there is no basis for imposing them on my client (who is utterly unaware of all of this). Any sanction should be imposed on myself and myself alone.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 12th day of September 2007 at San Diego, California.

s/Dan Lawton
Dan Lawton

| | |
|---|---|
| 1 | Dan Lawton (State Bar No. 127342) |
| | Joseph C. Kracht (State Bar No. 228507) |
| 2 | LAWTON LAW FIRM |
| | 550 West C Street, Suite 1400 |
| 3 | San Diego, CA 92101 |
| | (619) 595-1370 |
| 4 | (619) 595-1520 (Telefacsimile Number) |
| | dlawton@lawtonlaw.com (electronic mail) |
| 5 | |
| | Attorneys for Plaintiff AntiCancer, Inc. |

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTICANCER, INC., a California corporation, | ) | Case No. 07 CV 0778 JAH (BLM) |
| Plaintiff, | ) | **PROOF OF SERVICE** |
| v. | ) | |
| PERRY SCIENTIFIC, INC., a Nevada corporation; ANDREW PERRY, a natural person; and DOES 1-30, | ) | |
| Defendants. | ) | |
| PERRY SCIENTIFIC, INC., a Nevada corporation, and ANDREW PERRY, a natural person, | ) | |
| Cross-Complainants, | ) | |
| v. | ) | |
| ANTICANCER, INC., a California corporation, | ) | |
| Cross-Defendants. | ) | |

Case No. 07 CV 0778 JAH (BLM)

| | |
|---|---|
| 1 | I, Emi Kotani, declare that: |
| 2 | I am over the age of eighteen years and not a party to this action; and I am employed at Lawton Law Firm, whose business address is 550 West C Street, Suite 1400, San Diego, California, 92101. |
| 4 | On September 12, 2007, I served the foregoing document(s) described as: |
| 5 | DECLARATION OF DAN LAWTON RE ORDER TO SHOW CAUSE |
| 7 | on all interested parties in this action by placing [X] a true copy [ ] original thereof enclosed in sealed envelopes addressed as follows: |

        Shawn A. McMillan, Esq.
        THE LAW OFFICES OF SHAWN A. McMILLAN, APC
        4955 Via Lapiz
        San Diego, CA 92122
        (858) 646-0069
        (206) 600-4582 (Fax)

        **Attorneys for Defendants**

[ ] (BY FACSIMILE) The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a record of transmission.

[X] (BY MAIL, 1013a, 2015.5 C.C.P.) I am readily familiar with this firm's practice of collection and processing of correspondence for mailing. Under that practice, this document will be deposited with the United States Postal Service on this date with postage thereon fully prepaid at San Diego, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in the affidavit.

[ ] (BY PERSONAL SERVICE) I caused the foregoing envelope to be delivered by hand to the offices of the addressee(s).

[ ] (BY HAND DELIVERY) I delivered the foregoing envelope by hand to the offices of the addressee(s).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on September 12, 2007 at San Diego, California.

                                              *[signature]*
                                              EMI KOTANI